[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11481
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20418-UU-5


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL PUGH,
a.k.a. Asinia Robbins,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 21, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Daryl Pugh appeals his 61-month sentence, imposed after he pled guilty to conspiracy to possess 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3), (b)(2), and aggravated identity theft in violation of 18 U.S.C. § 1028A.  Mr. Pugh contends that the district court incorrectly applied the Sentencing Guidelines by failing to account for time served in state custody under U.S.S.G. § 5G1.3(b), despite sustaining his objection on that ground.  After review, we affirm.

Mr. Pugh and his co-conspirators broke into parked cars to steal purses, wallets, and other belongings, including credit cards and identifications.  As a result of this conduct, Mr. Pugh was arrested and charged by local law enforcement.  Mr. Pugh pled guilty to state charges and received an 18-month sentence, which he successfully completed.

Upon release, Mr. Pugh was arrested again, this time by federal authorities, and charged with conspiracy to possess 15 or more unauthorized access devices (Count 1) and aggravated identity theft (Count 9).  Mr. Pugh pled guilty to these charges.  At sentencing, the district court calculated a guideline range of 30 to 37 months' imprisonment for Count 1, which it noted would yield a total sentence of 61 months at the high end with the statutory consecutive 24-month sentence for count 9.  D.E. 222 at 4.

2

Mr. Pugh argued that he was entitled to an 18-month reduction under U.S.S.G. § 5G1.3(b) because the conduct leading to the state convictions was identical to the federal crimes. The district court was "not overwhelmed by this objection." *Id.* at 3. The district court stated that, even if the objection were technically correct, that it would vary upward to what the guideline sentence was without the credit because of Mr. Pugh's extensive criminal history:

> So I'm going to find that technically [Mr. Pugh's] objection is correct and that under the guidelines the sentence would have to be run concurrently to the state court sentence. But I'm going to vary upward to the top of the guidelines and not impose the sentence concurrently because of Mr. Pugh's criminal history.

*Id.* at 8. Ultimately, the district court sentenced Mr. Pugh to 61 months' imprisonment. *Id.* at 11–13.

On appeal, Mr. Pugh argues that the district court failed to account for the time he served in state custody under § 5G1.3(b), even though it sustained his objection on that ground. The government responds that the district court did grant Mr. Pugh credit for time served in state custody, but then varied to the top end of the advisory guideline range, as it was permitted to do.[1]

We review the district court's application of § 5G1.3 *de novo*. *United States v. Bidwell*, 393 F.3d 1206, 1208–09 (11th Cir. 2004). If we decide that the district

---

[1] Alternatively, the government argues for the first time on appeal that § 5G1.3(b) was inapplicable because Mr. Pugh did not have an undischarged term. In the government's view, Mr. Pugh completed his state sentence before he was sentenced for the federal offense and thus was no longer subject to an ongoing or forthcoming term of state imprisonment. Given our resolution of the appeal, we need not consider this argument.

3

court misapplied the Sentencing Guidelines, a remand is appropriate unless we conclude, "on the record as a whole, that the error was harmless, *i.e.,* that the error did not affect the district court's selection of the sentence imposed." *Williams v. United States*, 503 U.S. 193, 203 (1992). Thus, remand is not appropriate when we determine that the district court's error did not impact the district court's ultimate sentence. *See United States v. Keene*, 470 F.3d 1347, 1348–49 (11th Cir. 2006).

Where a term of imprisonment results from another offense that constitutes relevant conduct, § 5G1.3 of the Sentencing Guidelines provides that the district court "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons[.]" If this provision applies, the district court "should note on the Judgement in a Criminal Case Order . . . the amount of time by which the sentence is being adjusted." *Id.* § 5G1.3 cmt. n.2(c).[2]

The district court sustained Mr. Pugh's § 5G1.3 objection, but did not expressly credit Mr. Pugh for the time served in its oral or written sentence as the application notes suggest that it should have done. The district court said it was varying upward to offset the credit for time served, but ultimately sentenced Mr.

---

[2] The Guidelines also provide that the district court has discretion to grant a downward departure if the defendant has completed serving a term of imprisonment and § 5G1.3 would have granted the defendant credit for time served had the sentence been undischarged. *See* U.S.S.G. § 5K2.23.

Pugh within the advisory guideline range, effectively denying him any credit for the time spent in state custody.  If the district court subtracted 18 months from the advisory guideline range, that would have left Mr. Pugh facing 12-19 months (advisory of course) for Count 1.  The court, using the top end of the range, apparently varied upwards by 18 months to reach 37 months.

Even if we accepted the argument that the district court did not credit Mr. Pugh for time served, the result would be the same.  Although the district court was not clear as to how exactly it was applying the credit after sustaining Mr. Pugh's objection, the district court stated that it was going to sentence Mr. Pugh to the top end of the Guidelines due to his extensive criminal history.  The district court reiterated that even though Mr. Pugh's objection was technically correct, it would impose a total sentence of 61 months' imprisonment.  *See* D.E. 222 at 3–8. The district court also stated that it would vary upwards from the guideline range to ensure that Mr. Pugh received a sentence at the top end of the guidelines due to his extensive criminal history. *Id.* Notably, Mr. Pugh has not appealed the substantive reasonableness of the sentence imposed.

There is no reversible error. The district court had discretion to grant Mr. Pugh credit for time served. *See* U.S.S.G. §§ 5G1.3(b), 5K2.23.  Likewise, the district court had discretion to vary upwards and to impose a sentence above the applicable guideline range based on Mr. Pugh's criminal history.  *See United*

*States v. Sanchez*, 586 F.3d 918, 935–36 (11th Cir. 2013).  The district court's comments indicate that a remand for resentencing would result only in an explanation as to how the court arrived at a 61-month sentence. *See Keene*, 470 F.3d 1347, 1348–49.  We find no reversible error, and therefore affirm the district court's 61-month sentence for Mr. Pugh.

**AFFIRMED.**